UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

American AgCredit, PCA,
American AgCredit, FLCA,

    Plaintiffs,

v.

Matthew Edmundson,
Angela Edmundson,

    Defendants.

Case No.:_____

**COMPLAINT**

## INTRODUCTION

Plaintiffs American AgCredit, PCA ("PCA") and American AgCredit, FLCA ("FLCA" together with PCA, "Plaintiffs"),[1] for their Complaint against Defendant Matthew Edmundson ("M. Edmundson") and Defendant Angela Edmundson ("A. Edmundson", together with M. Edmundson "Defendants") state and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. PCA is a corporation existing and operating under the Farm Credit Act of 1971 with its principal place of business in Sonoma County, California.

2. FLCA is a corporation existing and operating under the Farm Credit Act of 1971 with its principal place of business in Sonoma County, California.

3. M. Edmundson is a Colorado citizen who, on information and belief, resides in Broomfield County, Colorado.

4. A. Edmundson is a Colorado citizen who, on information and belief, resides in Broomfield County, Colorado.

---

[1] FLCA and PCA are both subsidiaries of American AgCredit, ACA, a corporation existing and organized under the Farm Credit Act of 1971.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and each Plaintiff and each Defendant are citizens of different states.[2]

6. Venue is appropriate in the District of Colorado pursuant to 28 U.S.C. § 1391 because Defendants reside in this district.

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs are agricultural lenders offering financial services to rural communities and agricultural ventures. Defendants separately entered into guaranty agreements related to certain loans extended by Plaintiffs to entities that are part of a vertically integrated nursery-stock farming operation in which M. Edmundson holds an interest.

### PCA Loans Guaranteed by Defendants

*Rio Verde Loans and Guaranty*

8. PCA extended loans to non-party Rio Verde Holdings, LLC ("Rio Verde") as evidenced by certain promissory notes and other loan documents (the "Rio Verde Loan Documents") as summarized below (the "Rio Verde Loans"):

| Borrower | Lender | Loan Number | Origination Date | Final Loan Amount |
|---|---|---|---|---|
| Rio Verde | PCA | *8093 | 08/23/2019 | $9,500,000.00 |
| Rio Verde | PCA | *1915 | 05/01/2024 | $2,500,000.00 |

9. On August 23, 2019, Defendants executed a Continuing Guaranty– Recourse in favor of PCA ("Rio Verde Guaranty"). A true and correct copy of the Rio Verde Guaranty is attached as **Exhibit A** and incorporated by reference.

---

[2] Pursuant to 12 U.S.C. § 2258, as institutions existing pursuant to the Farm Credit Act of 1971, PCA and FCLA are each considered citizens of the state in which their respective principal office is located.

2

10. Pursuant to the Rio Verde Guaranty, Defendants unconditionally and irrevocably guaranteed to PCA the punctual payment and performance of all Indebtedness[3] under the Rio Verde Loans, "together with the prompt payment of all expenses, including attorneys' and accountants' fees, expenses and charges, appraisal fees, other professional fees and court costs incidental to collection of the Indebtedness and the Guaranty Obligations and the enforcement or protection of Lender's interest in any Collateral or Guaranty Collateral." **Exhibit A** (Rio Verde Guaranty), ¶ 2.

11. The Rio Verde Guaranty provides that the "following shall constitute events of default . . . (f) any default by Borrower related to the Indebtedness[.]" **Exhibit A** (Rio Verde Guaranty), ¶ 3.

12. The Rio Verde Guaranty further provides that Defendants waived "notice of the occurrence of any default with respect to the Indebtedness or the Collateral; and waive[d] notice of any exercise or non-exercise by [PCA] of any right, power, remedy, with respect to the Indebtedness or the Collateral." **Exhibit A** (Rio Verde Guaranty), ¶ 12.

13. Rio Verde failed to comply with its obligation and defaulted under the Rio Verde Loan Documents by, among other things, failing to (a) pay off loans upon their respective maturities; (b) pay monthly payments of accrued interest; (c) provide PCA financial information on a regular basis; and (d) observe certain restrictions on the use or distribution of cash or other collateral.

14. Accordingly, on or about April 19, 2025, PCA declared each of the Rio Verde Loans to be in default and accelerated the Loans. *See* **Exhibit B** (Notice of Acceleration).

---

[3] "Indebtedness" and all other capitalized terms that are not otherwise defined herein have the meaning given in the respective loan document.

15. Rio Verde did not pay PCA the accelerated amounts owed under the Rio Verde Loans.

16. As October 2, 2025, the following amounts remained outstanding and past due on the Rio Verde Loans:

| Loan Facility Number | Principal | Interest | Loan Fees Due | Late Charges | Total Due |
|---|---|---|---|---|---|
| *8093 | $9,341,584.90 | $315,550.37 | $245,856.33 | $495,678.19 | $10,398,669.79 |
| *1915 | $1,492,466.33 | $29,398.19 | $0 | $75,544.79 | $1,597,409.31 |

17. Although unnecessary, on October 2, 2025, PCA provided Defendants notice of their defaults under the Rio Verde Guaranty and made a demand of payment of all amounts due under the Rio Verde Loans. *See* **Exhibit C** (Notice of Default).

18. Defendants have not cured their defaults under the Rio Verde Guaranty.

*AVN Loans and Guaranty*

19. PCA extended loans to nonparty Edmundson Inc. d/b/a Arbor Valley Nursery ("AVN"), an entity with which M. Edmundson is the majority shareholder, as evidenced by certain promissory notes and other loan documents (the "AVN Loan Documents") as summarized below (the "AVN Loans"):

| Borrower | Lender | Loan Number | Origination Date | Final Loan Amount |
|---|---|---|---|---|
| AVN | PCA | *7277 | 12/14/2021 | $124,000.00 |
| AVN | PCA | *8487 | 06/15/2023 | $11,900,000.00 |
| AVN | PCA | *6348 | 06/15/2023 | $500,000.00 |

20. On June 26, 2017, Defendants executed a Continuing Guaranty – Recourse ("AVN Guaranty") in favor of PCA. A true and correct copy of the AVN Guaranty is attached as **Exhibit D** and incorporated by reference.

21. Pursuant to the AVN Guaranty, Defendants unconditionally and irrevocably guaranteed to PCA the punctual payment and performance of all Indebtedness under the AVN

4

Loans, "together with the prompt payment of all expenses, including attorneys' and accountants' fees, expenses and charges, appraisal fees, other professional fees and court costs incidental to collection of the Indebtedness and the Guaranty Obligations and the enforcement or protection of Lender's interest in any Collateral or Guaranty Collateral." **Exhibit D** (AVN Guaranty), ¶ 2.

22. The AVN Guaranty provides that the "following shall constitute events of default . . . (f) any default by Borrower related to the Indebtedness." **Exhibit D** (AVN Guaranty), ¶ 3.

23. The AVN Guaranty further provides that Defendants waived "notice of the occurrence of any default with respect to the Indebtedness or the Collateral; and waive[d] notice of any exercise or non-exercise by [PCA] of any right, power, remedy, with respect to the Indebtedness or the Collateral." **Exhibit D** (AVN Guaranty), ¶ 12.

24. AVN failed to comply with its obligation and defaulted under the AVN Loan Documents by, among other things, failing to (a) pay off loans upon their respective maturities; (b) make one or more payments when due; (c) maintain required borrowing base certificate margins; and (d) comply with limitations on distributions and loans to related parties.

25. Accordingly, on or about April 19, 2025, PCA declared each of the AVN Loans to be in default and accelerated the Loans. *See* **Exhibit B** (Notice of Acceleration).

26. AVN did not pay PCA the accelerated amounts owed under the AVN Loans.

27. As of October 2, 2025, the following amounts remain outstanding and past due on the AVN Loans:

| Loan Facility Number | Principal | Interest | Loan Fees Due | Late Charges | Total Due |
|---|---|---|---|---|---|
| *7277 | $43,602.32 | $1,680.12 | $0 | $485.33 | $45,767.77 |
| *8487 | $9,807,608.24 | $1,097,121.19 | $2,026.00 | $528,093.27 | $11,434,848.70 |
| *6348 | $336,429.78 | $18,300.05 | $0 | $2,229.47 | $356,959.30 |

28. Although unnecessary, on October 2, 2025, PCA provided Defendants notice of their defaults under the AVN Guaranty and made a demand of payment of all amounts due under the AVN Loans. *See* **Exhibit C** (Notice of Default).

29. Defendants have not cured their defaults under the AVN Guaranty.

FLCA Loans Guaranteed by Defendants

*Edmundson Land Loans Guaranteed by Defendants*

30. FLCA extended loans to Edmundson Land, LLC ("Edmundson Land"), an entity in which M. Edmundson is the sole member, as evidenced by certain promissory notes and other loan documents (the "Edmundson Land Loan Documents") as summarized below (the "Edmundson Land Loans"):

| Borrower | Lender | Loan Number | Origination Date | Final Loan Amount |
|---|---|---|---|---|
| Edmundson Land | FLCA | *8488 | 11/15/2016 | $1,420,000.00 |
| Edmundson Land | FLCA | *0516 | 07/07/2020 | $500,000.00 |
| Edmundson Land | FLCA | *7274 | 12/14/2021 | $1,430,000.00 |

31. On November 15, 2016, M. Edmundson executed a Continuing Guaranty – Recourse in favor of FLCA ("2016 Edmundson Land Guaranty"). A true and correct copy of the 2016 Edmundson Land Guaranty is attached as **Exhibit E** and incorporated by reference.

32. On December 14, 2021, M. Edmundson executed a Continuing Guaranty – Recourse in favor of FLCA ("2021 Edmundson Land Guaranty"). A true and correct copy of the 2021 Edmundson Land Guaranty is attached as **Exhibit F** and incorporated by reference.

33. On May 1, 2024, Defendants executed a Continuing Guaranty – Recourse in favor of FLCA (the "2024 Edmundson Land Guaranty" collectively with the 2016 Edmundson Land Guaranty and 2021 Edmundson Land Guaranty, the "Edmundson Land Guarantees"). A true and

6

correct copy of the 2024 Edmundson Land Guaranty is attached as **Exhibit G** and incorporated by reference.

34. Pursuant to the Edmundson Land Guarantees, Defendants unconditionally and irrevocably guaranteed to FLCA the punctual payment and performance of all Indebtedness under the Edmundson Land Loans, "together with the prompt payment of all expenses including attorneys' and accountants' fees, expenses and charges, appraisal fees, other professional fees and court costs incidental to collection of the Indebtedness and the Guaranty Obligations and the enforcement or protection of [FLCA]'s interest in any Collateral or Guaranty Collateral." **Exhibit E** (2016 Edmundson Land Guaranty), ¶ 2; **Exhibit F** (2021 Edmundson Land Guaranty), ¶ 2; **Exhibit G** (2024 Edmundson Land Guaranty), ¶ 2.

35. The Edmundson Land Guarantees further provide that the "following shall constitute events of default hereunder: . . . (f) any default by Borrower related to the Indebtedness." **Exhibit E** (2016 Edmundson Land Guaranty), ¶ 3; **Exhibit F** (2021 Edmundson Land Guaranty), ¶ 3; **Exhibit G** (2024 Edmundson Land Guaranty), ¶ 3.

36. The Edmundson Land Guarantees further provide that Defendants waived "notice of the occurrence of any default with respect to the Indebtedness or the Collateral; and waive[d] notice of any exercise or non-exercise by [FLCA] of any right, power, remedy, with respect to the Indebtedness or the Collateral." **Exhibit E** (2016 Edmundson Land Guaranty), ¶ 12; **Exhibit F** (2021 Edmundson Land Guaranty), ¶ 12; **Exhibit G** (2024 Edmundson Land Guaranty), ¶ 12.

37. Edmundson Land failed to comply with its obligation and defaulted under the Edmundson Land Loan Documents by, among other things, failing to (a) make one or more payments when due and (b) comply with Edmundson Land's obligations to FLCA as a guarantor of the Rio Verde Loans.

CORE/3500155.0066/232176371.4

38. Accordingly, on or about April 19, 2025, FLCA declared each of the Edmundson Land Loans to be in default and accelerated the Loans. See **Exhibit B** (Notice of Acceleration).

39. Edmundson Land did not pay FLCA the accelerated amounts owed under the Edmundson Land Loans.

40. As of October 2, 2025, the following amounts remained outstanding and past due on the Edmundson Land Loans:

| Loan Facility Number | Principal | Interest | Loan Fees Due | Late Charges | Total Due |
|---|---|---|---|---|---|
| *8488 | $965,216.34 | $30,828.44 | $0 | $0 | $996,044.78 |
| *0516 | $452,189.05 | $14,440.29 | $0 | $0 | $466,629.34 |
| *7274 | $1,197,512.93 | $82,326.37 | $25.00 | $4,194.41 | $1,284,058.71 |

41. Although unnecessary, on October 2, 2025, FLCA provided Defendants notice of their defaults under their respective Edmundson Land Guarantees and made a demand of payment of all amounts due under the Edmundson Land Loans. See **Exhibit C** (Notice of Default).

42. Defendants have not cured their defaults under the Edmundson Land Guarantees.

*Green River Loans Guaranteed by Defendants*

43. FLCA extended loans to Green River Holdings LLC ("Green River"), an entity in which M. Edmundson is the sole member, as evidenced by certain promissory notes and other loan documents (the "Green River Loan Documents") as summarized below (the "Green River Loans"):

| Borrower | Lender | Loan Number | Origination Date | Final Loan Amount |
|---|---|---|---|---|
| Green River | FLCA | *8094 | 11/08/2018 | $2,056,000.00 |
| Green River | FLCA | *6608 | 11/20/2023 | $600,000.00 |

8

44. On November 8, 2018, Defendants executed a Continuing Guaranty – Recourse ("Green River Guaranty") in favor of FLCA. A true and correct copy of the Green River Guaranty is attached as **Exhibit H** and incorporated by reference.

45. Pursuant to the Green River Guaranty, Defendants unconditionally and irrevocably guaranteed to FLCA the punctual payment and performance of all Indebtedness under the Green River Loans, "together with the prompt payment of all expenses including attorneys' and accountants' fees, expenses and charges, appraisal fees, other professional fees and court costs incidental to collection of the Indebtedness and the Guaranty Obligations and the enforcement or protection of Lender's interest in any Collateral or Guaranty Collateral." **Exhibit H** (Green River Guaranty), ¶ 2.

46. The Green River Guaranty provides that the "following events shall constitute events of default . . . (f) any default by Borrower related to the Indebtedness." **Exhibit H** (Green River Guaranty), ¶ 3.

47. The Green River Guaranty further provides that Defendants waived "notice of the occurrence of any default with respect to the Indebtedness or the Collateral; and waive[d] notice of any exercise or non-exercise by [FLCA] of any right, power, remedy, with respect to the Indebtedness or the Collateral." **Exhibit H** (Green River Guaranty), ¶ 12.

48. Green River failed to comply with its obligations and defaulted under the Green River Loan Documents by, among other things, failing to (a) pay all amounts owed when due and (b) comply with the limitations on distributions and loans to related parties by making intercompany loans for the benefit of Rio Verde.

49. Accordingly, on or about April 19, 2025, FLCA declared each of the Green River Loans to be in default and accelerated the Loans. *See* **Exhibit B** (Notice of Acceleration).

50. Green River did not pay FLCA the accelerated amounts owed under the Green River Loans.

51. As of October 2, 2025, the following amounts remain outstanding and past due on the Green River Loans:

| Loan Facility Number | Principal | Interest | Loan Fees Due | Late Charges | Total Due |
|---|---|---|---|---|---|
| *8094 | $1,660,207.65 | $26,637.57 | $0 | $0 | $1,686,845.22 |
| *6608 | $580,596.95 | $42,774.16 | $25.00 | $2,753.97 | $626,150.08 |

52. Although unnecessary, on October 2, 2025, FLCA provided Defendants notice of their defaults under the Green River Guaranty and made a demand of payment of all amounts due under the Green River Loans. *See* **Exhibit C** (Notice of Default).

53. Defendants have not cured their defaults under the Green River Guaranty.

54. Accordingly, all conditions precedent to this action have been satisfied, and Plaintiffs bring this action to seek recovery of all amounts they are owed under each of the guaranty agreement described herein.

### COUNT I: PCA Against Defendants
### BREACH OF CONTRACT
### (Rio Verde Guaranty)

55. PCA restates, realleges, and adopts by reference all allegations in the preceding paragraphs as though fully set forth herein.

56. PCA and Defendants are parties to the Rio Verde Guaranty, which constitutes an enforceable contract.

57. Defendants executed the Rio Verde Guaranty, in which they personally guaranteed the prompt payment and performance of Rio Verde's obligations under the Rio Verde Loan Documents.

10

58. PCA has performed all conditions precedent as required of it pursuant to the Rio Verde Guaranty.

59. Defendants have breached the Rio Verde Guaranty by failing to make the required payments due to PCA; therefore, Defendants are in default of their obligations.

60. As a direct and proximate result of Defendants' default and breach of contract, PCA has suffered damages as of October 2, 2025, of not less than $11,996,079.10, plus late fees, costs, expenses and reasonable attorneys' fees incurred.

## COUNT II: PCA Against Defendants
## BREACH OF CONTRACT
### (AVN Guaranty)

61. PCA restates, realleges, and adopts by reference all allegations in the preceding paragraphs as though fully set forth herein.

62. PCA and Defendants are parties to the AVN Guaranty, which constitutes an enforceable contract.

63. Defendants executed the AVN Guaranty, in which they personally guaranteed the prompt payment and performance of AVN's obligations under the AVN Loan Documents.

64. PCA has performed all conditions precedent as required of it pursuant to the AVN Guaranty.

65. Defendants have breached the AVN Guaranty by failing to make the required payments due to PCA; therefore, Defendants are in default of their obligations.

66. As a direct and proximate result of Defendants' default and breach of contract, PCA has suffered damages as of October 2, 2025, of not less than $11,837,575.80, plus late fees, costs, expenses and reasonable attorneys' fees incurred.

## COUNT III: FLCA Against M. Edmundson
## BREACH OF CONTRACT
### (Edmundson Land Guarantees)

67. FLCA restates, realleges, and adopts by reference all allegations in the preceding paragraphs as though fully set forth herein.

68. FLCA and M. Edmundson are parties to the Edmundson Land Guarantees, which constitute enforceable contracts.

69. M. Edmundson executed the Edmundson Land Guarantees, in which he personally guaranteed the prompt payment and performance of Edmundson Land's obligations under the Edmundson Land Loan Documents.

70. FLCA has performed all conditions precedent as required of it pursuant to the Edmundson Land Guarantees Guaranty.

71. M. Edmundson has breached the Edmundson Land Guarantees by failing to make the required payments due to FLCA; therefore, M. Edmundson is in default of his obligations.

72. As a direct and proximate result of M. Edmundson's default and breach of contract, FLCA has suffered damages as of October 2, 2025, of not less than $2,746,732.83, plus late fees, costs, expenses and reasonable attorneys' fees incurred.

**COUNT IV: FLCA Against A. Edmundson**
**BREACH OF CONTRACT**
**(2024 Edmundson Land Guaranty)**

73. FLCA restates, realleges, and adopts by reference all allegations in the preceding paragraphs as though fully set forth herein.

74. FLCA and A. Edmundson are parties to the 2024 Edmundson Land Guaranty, which constitutes an enforceable contract.

75. A. Edmundson executed the 2024 Edmundson Land Guaranty, in which she personally guaranteed the prompt payment and performance of Edmundson Land's obligations under the Edmundson Land Loan Documents.

12

76. FLCA has performed all conditions precedent as required of it pursuant to the 2024 Edmundson Land Guaranty.

77. A. Edmundson has breached the 2024 Edmundson Land Guaranty by failing to make the required payments due to FLCA; therefore, A. Edmundson is in default of her obligations.

78. As a direct and proximate result of A. Edmundson's default and breach of contract, FLCA has suffered damages as of October 2, 2025, of not less than $2,746,732.83, plus late fees, costs, expenses and reasonable attorneys' fees incurred.

## COUNT V: FLCA Against Defendants
## BREACH OF CONTRACT
## (Green River Guaranty)

79. FLCA restates, realleges, and adopts by reference all allegations in the preceding paragraphs as though fully set forth herein.

80. FLCA and Defendants are parties to the Green River Guaranty, which constitutes an enforceable contract.

81. Defendants executed the Green River Guaranty, in which they personally guaranteed the prompt payment and performance of Green River's obligations under the Green River Loan Documents.

82. FLCA has performed all conditions precedent as required of it pursuant to the Green River Guaranty.

83. Defendants have breached the Green River Guaranty by failing to make the required payments due to FLCA; therefore, Defendants are in default of their obligations.

84. As a direct and proximate result of Defendants' default and breach of contract, FLCA has suffered damages as of October 2, 2025, of not less than $2,312,995.30, plus late fees, costs, expenses and reasonable attorneys' fees incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that the Court:

A.    Enter a money judgment against each of M. Edmundson and A. Edmundson and in favor of PCA for damages for Defendants' breaches of the Rio Verde Guaranty and AVN Guaranty, in an amount to be proven at trial, but not less than $23,833,654.87, as of October 2, 2025, plus late fees, costs, expenses and reasonable attorneys' fees incurred.

B.    Enter a money judgment against each of M. Edmundson and A. Edmundson and in favor of FLCA for damages for M. Edmundson's breaches of the Edmundson Land Guarantees, A. Edmundson's breaches of the Edmundson Land Guaranty, and Defendants' breaches of the Green River Guaranty, in an amount to be proven at trial, but not less than $5,059,728.13, as of October 2, 2025, plus late fees, costs, expenses and reasonable attorneys' fees incurred.

C.    An award of pre and post judgment interest in favor of PCA and FCLA and against each of M. Edmundson and A. Edmundson.

D.    An award of attorneys' fees and costs in favor of PCA and FCLA and against each of M. Edmundson and A. Edmundson.

E.    Such other relief in favor of PCA and FLCA and against each of M. Edmundson and A. Edmundson that the Court deems just and proper.

Dated: October 15, 2025        */s/ Zane Gilmer*
Zane Gilmer (CO #41602)
STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
zane.gilmer@stinson.com
(303) 376-8400

**ATTORNEY FOR PLAINTIFFS**

CORE/3500155.0066/232176371.4

15